IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WANDA D. MORTUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:10-cv-11808 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | District Judge Nancy G. Edmunds |
| | ) | Magistrate Judge R. Steven Whalen |
| Defendant. | ) | |

**AMENDED ANSWER**

DEFENDANT, the Internal Revenue Service (Service), by and through its attorneys, answers and responds to Wanda D. Mortuk's complaint as follows:

  1.  The Service admits that Ms. Mortuk brings this action pursuant to the Freedom of Information Act (FOIA) and admits allegations setting forth the relief she seeks; denies that the Service wrongfully denied the records she requested under the FOIA.

  2.  Admits this Court has jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B).

  3.  Admits that venue here is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

  4.  Admits that Ms. Mortuk is the plaintiff.

  5.  Admits that the Service is an agency as defined by the FOIA, and avers

that the Service is better described as a bureau of the Department of Treasury; admits that to the extent responsive records exist, they are in the Service's possession and control.

      6.      The Service admits that Ms. Mortuk filed two whistleblower claims (forms 211), but it is without sufficient information or belief to admit or deny that Ms. Mortuk filed two additional whistleblower claims; the Service admits that at least some of the information she provided to the Service led to the detection of violations of the Internal Revenue laws and resulted in collection of taxes, penalties, and fines.

      7.      The Service is without sufficient information or belief to admit or deny that Ms. Mortuk has made numerous phone calls over the course of the last 17 years requesting the status of her whistleblower claims, or that she was told that no information could be provided to her.

      8.      The Service is without sufficient information or belief to admit or deny that Ms. Mortuk has not received notice that any of the whistleblower claims have been denied.

      9.      The Service admits that one of its representatives had a phone conversation with Ms. Mortuk, but it is without sufficient information or belief to admit or deny the remaining allegations.

      10.      The Service admits that: (a) Ms. Mortuk filed a FOIA request in the Service's Disclosure Office 5 that was dated November 4, 2009; (b) the Service received the FOIA request on November 9, 2009; (c) she sought records about whistleblower claims she allegedly made; and (d) the content of excerpts of Ms. Mortuk's request set forth in ¶10 of the complaint is accurate.

      11.      The Service admits that the content of excerpts from Ms. Mortuk's request set forth in ¶11 of the complaint is accurate.

12. The Service admits that it denied Ms. Mortuk's request for records, and avers it did so by letter dated November 16, 2009; admits that ¶ 12 accurately sets forth portions of that letter.

13. The Service admits that Ms. Mortuk filed an appeal on December 16, 2009 of the Service's determination on November 16, 2009, and avers that Ms. Mortuk did so by letter; admits that ¶ 13 accurately reflects the text of the last paragraph of her appeal letter.

14. The Service admits that it denied Ms. Mortuk's appeal on February 11, 2010, and avers it did so by letter; admits that ¶ 14 accurately sets forth portions of that letter.

15. The Service admits that on or about December 17, 2010, Ms. Mortuk received a check from the Service in the amount of $34,231.69 with regard to claim number 29-63453.  The Service admits that the correspondence from the Service located to date reflecting Ms. Mortuk's receipt of the payment does not reflect whether the case was closed or how the amount of $34,231.69 was computed.  The Service is without sufficient information or belief to admit or deny the last sentence in ¶ 15.  .

16. The Service admits did that it did not review the records requested to determine they were exempt from disclosure prior to issuing its denial letter.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

The Service is permitted to categorically withhold records pursuant to several FOIA provisions without reviewing them.

SECOND DEFENSE

The Service may withhold any responsive records or portions thereof that are exempt from disclosure pursuant to the exemptions contained in subsection (b) of the FOIA, 5 U.S.C. § 552.

THIRD DEFENSE

Ms. Mortuk is not entitled to any relief beyond that provided under the FOIA.

FOURTH DEFENSE

Ms. Mortuk's request for an award of attorneys' fees and costs, her prayer for relief at ¶18, is premature.

WHEREFORE, having fully responded to Ms. Mortuk's complaint, the Service prays that this Court dismiss the complaint with prejudice, grant the Service its costs of

/

/

/

/

defense, and grant such other relief as may be deemed just and proper under the circumstances.

Dated: July 15, 2010

       Respectfully submitted,

       s/ Carmen M. Banerjee
       CARMEN M. BANERJEE
       Trial Attorney, Tax Division
       U.S. Department of Justice
       Post Office Box 227
       Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 307-6423
       Facsimile: (202) 514-6866
       Email: carmen.m.banerjee@usdoj.gov

       and

       JOHN A. DiCICCO
       Acting Assistant Attorney General

       Counsel for Defendant
       INTERNAL REVENUE SERVICE

BARBARA L. MCQUADE
United States Attorney

5667111.1

CERTIFICATE OF SERVICE

I have served, via electronic mail, the Internal Revenue Service's Answer on:

Geoffrey R. Vernon
Joslyn & Vernon, PC
200 Maple Park Blvd. Ste 201
St. Clair Shores, MI 48081-2211
gvernon@joslynvernon.com.

Date: July 15, 2010

                                               */s/ Carmen M. Banerjee*
                                               Carmen M. Banerjee